M. H. MARR, Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent (two cases).

SUN OIL COMPANY, Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent (two cases).

CONTINENTAL OIL COMPANY,
Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

GENERAL CRUDE OIL COMPANY,
Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent (two cases).

TEXAS EASTERN TRANSMISSION
CORPORATION, Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

Nos. 20560, 20846, 20564, 20829, 20582,
20587, 20847, 20591.

United States Court of Appeals
Fifth Circuit.

Sept. 30, 1965.

Jack D. Head, Lloyd F. Thanhouser, Houston, Tex., Herf M. Weinert, Beaumont, Tex., John T. Guyton, Shreveport, La., W. D. Deakins, Jr., W. M. Streetman, Houston, Tex., Robert E. May, Washington, D. C., Martin A. Row, Dallas, Tex., John A. Ward, III, Philadelphia, Pa., Joiner Cartwright, Beaumont, Tex., Donley C. Wertz, Dallas, Tex., Stanley M. Morley, Washington, D. C., Bruce R. Merrill, Houston, Tex., for Texas Eastern Transmission Corp., Continental Oil Co., Sun Oil Co., M. H. Marr and General Crude Oil Co.

Howard E. Wahrenbrock, Sol., Richard A. Solomon, Gen. Counsel, Israel Convisser, Atty., F.P.C., Washington, D. C., for respondent.

Edward S. Kirby, Newark, N. J., for all intervenors.

Kent H. Brown, Albany, N. Y., Barbara M. Suchow, New York City, of counsel, for Public Service Commission of State of New York.

Robert W. Maris, William T. Coleman, Jr., Philadelphia, Pa., for United Gas Improvement Co.

Before RIVES and BROWN, Circuit Judges, and GROOMS, District Judge.

PER CURIAM.

The Commission's order entered in Opinion No. 378 was amended in the opinion and order on rehearing, Opinion No. 378–A, so that the order now sought to be reviewed would read as follows:

*"The Commission orders:*

"(A) Decision on Texas Eastern's application for a certificate of public convenience and necessity in the above-entitled proceedings is hereby deferred.

"(B) Continental, Sun, Marr, General Crude, Dishman and other Rayne Field producers who have transferred gas leases to Texas Eastern are granted opportunity to make filings of appropriate rate schedules and applications for certificates of public convenience and necessity until six months after the issuance of final mandate upon the completion of court review proceedings herein, and in the same period Texas Eastern may file a revised application for a certificate to put into effect any new arrangement for supply of gas to Texas Eastern from the Rayne Field in conformity with this opinion, the public interest and the Natural Gas Act.

"(C) Exceptions not granted herein are hereby denied."

This Court's opinion and decision of August 3, 1964 (336 F.2d 320) was predicated solely on the question of the jurisdiction of the Federal Power Commission. That decision was reversed by the Supreme Court and the cases remanded for further proceedings in conformity with the opinion of the Supreme Court (United Gas Imp. Co. v. Continental Oil Co., 381 U.S. 392, 85 S.Ct. 1517, 14 L.Ed. 2d 466).

The Commission has not yet ruled on applications of the producer-sellers for certificates of public convenience and necessity under Section 7 of the Natural Gas Act. Indeed, the producer-sellers have not filed such applications. It was therefore reasonable for the Commission to defer decision on Texas Eastern's application. It would be premature at this time for this Court to rule upon issues which may or may not be presented when the Commission finally grants or denies Texas Eastern's application and/or such applications as may be filed by the producer-sellers. The Commission's assumption of jurisdiction is therefore affirmed, and on all other issues, the petitions for review are dismissed as premature, but without prejudice.